ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 

 (Opinion Aug. 20, 1992, 5 Cir., 1992, 970 F.2d 1397)
 

 Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and HUNTER, District Judge.
 
 [1]
 

 DUHÉ, Circuit Judge:
 

 Sua sponte we enter this supplemental order on Defendants-Appellants’ argument that the trial court constructively amended the indictment. Defendants contend that the decision of this panel is in conflict with
 
 United States v. Salinas,
 
 601 F.2d 1279 (5th Cir.1979). We disagree. Assuming without deciding that it was error for the district court to refer in jury charges to “officers, agents or employees” when the indictment charged Defendants as “officers, directors and shareholders,” we nevertheless deny rehearing for the following reasons.
 

 First, Defendants did not object in the trial court to the jury charge on this ground. Therefore, contrary to
 
 Salinas
 
 where this specific objection was made, we review for plain error only. The
 
 Salinas
 
 court was not restricted to the plain error standard. An error in a charge is plain when, considering the evidence and the charge as a whole, “there is a likelihood of a grave miscarriage of justice.”
 
 U.S. v. Sellers,
 
 926 F.2d 410, 417 (5th Cir.1991). A miscarriage of justice is unlikely here, because Defendants stipulated that they were directors of the bank. The court informed the jury about that stipulation as part of the charge. No such stipulation in
 
 Salinas
 
 definitively established the defendants' relationship to the bank. While it was possible in
 
 Salinas
 
 for defendants to have been convicted in the wrong capacity, that could not happen here due to the stipulation.
 

 Second, the
 
 Salinas
 
 panel found a trial court violation of Rule 30 of the Federal Rules of Criminal Procedure which was closely connected to the capacity issue. We have no Rule 30 violation in this case.
 

 Finally,
 
 Salinas
 
 predates the Supreme Court’s 1986 decision that error in an instruction on an essential element of an offense can be harmless.
 
 Rose v. Clark,
 
 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986);
 
 see also Carella v. California,
 
 491 U.S. 263, 266-68, 109 S.Ct. 2419, 2421, 105 L.Ed.2d 218 (1989);
 
 Pope v. Illinois,
 
 481 U.S. 497, 503 n. 7, 107 S.Ct. 1918, 1922, 95 L.Ed.2d 439 (1987). In view of the stipulation that Defendants were directors of the bank, any error would be harmless.
 

 Rehearing has therefore been DENIED. No Judge in regular active service having requested that the Court be polled on rehearing en banc, the Suggestion for Rehearing En Banc has been DENIED.
 

 [1]
 

 . Senior District Judge of the Western District of Louisiana, sitting by destination.